UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JOHN WALTER RINKER                                    CIVIL ACTION

VERSUS                                                NO. 10-810

NEW ORLEANS DISTRICT ATTORNEY, ET AL.                 SECTION: "C"(1)


# AMENDED REPORT AND RECOMMENDATION

Plaintiff, John Walter Rinker, a state inmate, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. In the original complaint, he named the "New Orleans District Attorney" and the State of Louisiana as defendants.

In the complaint, plaintiff stated his claims as follows:

① I filed for a 701 speedy trial on November 17, 2010 [sic]. To prevent me from receiving my trial within the time allowed I was sent to a lunacy hearing February 11, 2010. At that time I was found competent to stand trial. I have still not been released nor has the first juror for my case been called for questioning which means my trial has not commenced. This is a violation of my due process rights guaranteed by the 14th Amendment.

② My motion for production of documents (discovery) which was filed separately has not been honored.[1]

---

[1] Rec. Doc. 1, p. 3.

In his prayer for relief, he stated: "My constitutional right to due process has been violated. I should be acquitted and released immediately. I also seek damages of $500,000."[2]

On March 10, 2010, the undersigned United States Magistrate Judge issued a report recommending that plaintiff's complaint be dismissed with prejudice as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.[3]

Plaintiff thereafter amended his complaint to add the following paragraphs:

③ When I filed for my 701 Speedy Trial on November 17th 2009 I filed the motion Pro Se also indicating that I do not have an attorney. That I am representing myself. Giving my name Pro-Se. According to 701 Speedy Trial, <u>Procedures</u> Prior to Trial; 2009 Title XXIV Chapter 1 Art. 701 <u>F</u> there was to have been a "contradictory hearing" within 30 days of my filing. By law said hearing must have occured by now. I, Pro-Se - representing myself, was not allowed to be present at that <u>stage</u> of the <u>proceedings</u>.
  According to Louisiana Constitution, Declaration of Rights, Const. Art. 1 section 13 "At <u>each stage of the proceedings</u>, every person is entitled to assistance of counsel of his choice." I chose to represent myself and was <u>not allowed to be present</u> at the <u>proceedings</u> or <u>any previous proceedings</u> Pro-Se or otherwise.
  This is a violation of my Sixth Amendment Rights to counsel and speedy trial. And a violation of my due process rights guaranteed me under the Fourteenth Amendment of the US Constitution. The intentional tactical delay of sending me to a competency hearing, and failing to obey the 14th & 6th Amendments of the US Constitution, and the violation of Article 1 section 13 of the Louisiana Constitution proves that the defendant has been intentionally and maliciously deprived of his constitutional right to liberty, due process, and to the representation of counsel of his choice. This leads me (the defendant) to seek compensatory damages against the Orleans Parish District Attorney, City Attorney of New Orleans, New Orleans District Attorney, the city of New Orleans, State of Louisiana, Et Al. The defendant, John Walter Rinker 2202601 asks the court to dismiss the charges against him with prejudice. Acquittal on all charges. And for the award of damages in the amount of

---

[2] Rec. Doc. 1, p. 4.

[3] Rec. Doc. 4.

2

#500,000-. Immediate release from jail, see also: 28 U.S.C. 2241(3) He is custody
in violation of the Constitution or laws or treaties of the United States.
I filed my second 701 on 01/20/10 with no response.[4]

On June 10, 2010, the matter was referred back to the undersigned for further proceedings in light of the amended complaint.[5] However, for the following reasons, it is again recommended that plaintiff's complaint, as amended, be dismissed.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[6] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

---

[4] Rec. Doc. 5.

[5] Rec. Doc. 8.

[6] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint, as amended,[7] the Court nevertheless finds that the complaint should be dismissed for the following reasons.

---

[7] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

II. *Habeas Corpus* Relief

As a preliminary matter, the Court notes that one of the forms of relief plaintiff seeks is immediate release from confinement. That form of relief may not be granted in a civil rights action brought pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

Moreover, to the extent that the instant civil rights complaint may be construed in part as a *habeas corpus* petition, plaintiff is not entitled to relief. A state prisoner must first exhaust available state court remedies before seeking *habeas corpus* relief pursuant to either 28 U.S.C. § 2241 or § 2254. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); Johnson v. Louisiana, Civ. Action No. 08-4274, 2009 WL 960564, at *2 n.2 (E.D. La. Apr. 7, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *2 n.3 (E.D. La. Jan. 25, 2008); Howard v. Vedros, Civil Action No. 94-0426, 1994 WL 117781 (E.D. La. Mar. 25, 1994).[8] Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). On June 15, 2010, a staff member of this Court confirmed with the Clerk of the Louisiana Supreme

---

[8] A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); see also Tigner v. Cockrell, 264 F.3d 521, 526 n.3 (5th Cir. 2001); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997).

Court that plaintiff has filed no applications with that court. Accordingly, he has not met the exhaustion requirement, and his federal *habeas corpus* claims should therefore be dismissed.[9]

Further, for the following reasons, the Court also finds that plaintiff's 42 U.S.C. § 1983 claims should be dismissed as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

### III.  Defendants

#### A.  State of Louisiana

As noted, one of the defendants named in this action is the State of Louisiana. However, the State of Louisiana is clearly an improper defendant for two reasons.

First, states are not "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Laxey v. Louisiana Board of Trustees, 22 F.3d 621, 623 n.2 (5th Cir. 1994); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010).

Second, in any event, plaintiff's claim against the State of Louisiana is prohibited by the Eleventh Amendment. Unless the state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280

---

[9] Of course, plaintiff is not precluded from filing a timely application for federal *habeas corpus* relief in the future once he has exhausted his state court remedies.

(5th Cir. 2002); Tyson, 2010 WL 360362, at *3. The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281 (quotation marks and citations omitted).

### B. The District Attorney

Plaintiff has also named the District Attorney as a defendant. It is unclear exactly whom plaintiff intends by naming that defendant; however, regardless of how the claim is construed, it should be dismissed.

To the extent that plaintiff intended to name the Orleans Parish District Attorney's Office as a defendant, that office is not a proper defendant. A parish district attorney's office simply is not a legal entity capable of being sued. Hudson v. City of New Orleans, 174 F.3d 677, 680 (5th Cir. 1999) ("Louisiana law does not permit a district attorney's office to be sued in its own name."); Harris v. Orleans District Attorney's Office, Civ. Action No. 09-6622, 2009 WL 3837618, at *2 (E.D. La. Oct. 13, 2009) (Knowles, M.J.) (adopted by Berrigan, J., on November 9, 2009).

To the extent that plaintiff may have intended to name Orleans Parish District Attorney Leon Cannizzaro as a defendant in his individual capacity, his official capacity, or both, the claim fares no better for the following reasons.

As to a claim against Cannizzaro in his individual capacity, any such claim is barred by absolute prosecutorial immunity. Prosecutorial immunity protects Cannizzaro against claims based on his "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).[10]

Moreover, plaintiff has not stated a cognizable claim against Cannizzaro in his official capacity. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially

---

[10] The Court notes that it is unlikely that Cannizzaro personally took any action with respect to plaintiff's case; however, even assuming Cannizzaro was personally involved, he is entitled to absolute prosecutorial immunity. To the extent that plaintiff is simply seeking to hold Cannizzaro liable for the actions of his subordinates, such supervisory liability is not recognized in federal civil rights actions. Under 42 U.S.C. § 1983, a supervisory official is not liable for the actions of her subordinates under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

8

> allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). In the instant case, plaintiff does not even allege that the purported violations here stemmed from an official policy or custom, much less identify such a policy or custom.

### C. City of New Orleans/City Attorney of New Orleans

To the extent that the amended complaint may be construed to add the City of New Orleans and the New Orleans City Attorney as defendants, those defendants are improper. Plaintiff was prosecuted by the Orleans Parish District Attorney on state criminal charges in state court, i.e. the Orleans Parish Criminal District Court.[11] Therefore, neither the City of New Orleans nor the City Attorney was involved in plaintiff's criminal proceedings. Accordingly, they cannot be held liable for any purported constitutional violations which occurred in those proceedings.

---

[11] The records of that court indicate that plaintiff was charged with violating the state laws concerning the registration of sex offenders and child predators. Those records further reflect that plaintiff pleaded guilty on June 4, 2010, and was sentenced to a term of two years imprisonment.

9

IV. Plaintiff's Claims

Out of an abundance of caution, the Court further notes that plaintiff's § 1983 claims do not warrant relief in any event. As noted, plaintiff claims that he was denied his rights in his state criminal proceedings. However, the United States Supreme Court has held that federal courts generally should not intervene in the manner in which state courts conduct criminal proceedings. The Supreme Court noted:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' Younger v. Harris, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." Id., at 46, 91 S.Ct., at 751.

O'Shea v. Littleton, 414 U.S. 488, 499 (1974). In Younger, the United States Supreme Court had expressly held:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 46 (citation omitted). A criminal defendant prejudiced by misconduct of a presiding judge in state court finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal *habeas corpus* relief in appropriate circumstances. See

O'Shea, 414 U.S. at 502; see also Lacayo v. Childress, Civ. Action No. 08-4984, 2009 WL 803616, at *3 (E.D. La. Mar. 25, 2009); Lacayo v. DiMiceli, Civ. Action No. 08-4970, 2009 WL 331452, at *3 (E.D. La. Feb. 10, 2009); Lawrence v. Lymous, Civ. Action No. 08-088, 2008 WL 544380, at *3 (E.D. La. Feb. 25, 2008).

Moreover, even if plaintiff's discovery claim were liberally construed as a type of public records claim, the claim still fails. A state public records claim implicates no federal constitutional or statutory rights. Therefore, a plaintiff has no right to assert such a claim under 42 U.S.C. § 1983. See Williams v. Kreider, Civil Action No. 91-4180, 1992 WL 245914 (E.D. La. Sept. 24, 1992), aff'd, 996 F.2d 306 (5th Cir. 1993); see also Harris v. Orleans District Attorney's Office, Civ. Action No. 09-6622, 2009 WL 3837618, at *3 (E.D. La. Oct. 13, 2009) (Knowles, M.J.) (adopted by Berrigan, J., on November 9, 2009); Johnson v. Morrell, Civ. Action No. 09-3753, 2009 WL 2599286, at *2 (E.D. La. Aug. 17, 2009) (Feldman, J.); Franklin v. Louisiana, Civ. Action No. 05-3713 (E.D. La. Nov. 9, 2005) (Knowles, M.J.) (adopted by Vance, J., on Feb. 9, 2006). If plaintiff believes that he has been denied access to public records to which he is entitled under state law, he must pursue that claim in the state courts.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal *habeas corpus* claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

It is **FURTHER RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 claims be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[12]

New Orleans, Louisiana, this fifteenth day of June, 2010.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.